IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROSCOE HOLLOWAY, et al.,[1] ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:19-CV-367-WHA |
| ) | |
| SHERIFF SID LOCKHART, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is currently pending before the court on the plaintiffs' claims challenging conditions and actions occurring at the Chambers County Detention Center — the facility in which they were confined at the time they filed the complaint. On May 29, 2019, the court entered an order of procedure, a copy of which the Clerk mailed to each of the plaintiffs at their current address of record — the Chambers County Detention Facility. This order directed each of the plaintiffs to "immediately inform the court and . . . counsel [for the defendants] of any change in his address. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action. The plaintiffs shall also diligently and properly prosecute this action or face the possibility it will be dismissed for failure to prosecute." Doc. 5 at 4, ¶7. The docket maintained in this case indicates that Roscoe Holloway received a copy of this order. However, the postal service returned the copy of this order

---

[1] The plaintiffs listed in the complaint are Roscoe Holloway, Adam Amato, Cornelia Briskey, Dylan Beck, Shontonio Battle, Terrence Holloway, Michael Crowe and Robert P. Williams. As of the present date, the court only has correct addresses for Cornelia Briskey and Dylan Beck.

sent to Adam Amato, Shontonio Battle, Michael Crowe, Terrence Holloway and Robert P. Williams because these plaintiffs were no longer present at the Chambers County Detention Facility. In addition, the postal service subsequently returned an order sent to Roscoe Holloway because he likewise no longer resided at the Chambers County Detention Facility. It is therefore clear that Roscoe Holloway has failed to comply with the requirement that he provide the court with a current address. Additionally, this case, with respect to the claims presented on behalf of Adam Amato, Shontonio Battle, Michael Crowe, Terrence Holloway, Robert P. Williams and Roscoe Holloway, cannot properly proceed before the court when the whereabouts of these plaintiffs are unknown to the court.

Based on the foregoing, the court entered orders requiring Adam Amato, Shontonio Battle, Michael Crowe, Terrence Holloway, Robert P. Williams and Roscoe Holloway to inform the court of their current addresses. Doc. 7 at 1–2; Doc. 9 at 2. These orders directed the plaintiffs named therein to "file with the court a current address and show cause why they should not be dismissed as parties to this case for their failure to adequately prosecute this action." Doc. 7 at 1–2; Doc. 9 at 2. The court "specifically cautioned [the plaintiffs] that if they fail to respond to this order the Magistrate Judge will recommend that they be dismissed as parties to this case due to their failure to keep the court apprised of their current addresses, and because, in the absence of such, this case cannot proceed before this court on their behalf in an appropriate manner." Doc. 7 at 1–2; Doc. 9 at 2. As of the present date, Adam Amato, Shontonio Battle, Michael Crowe, Terrence Holloway, Robert P. Williams and Roscoe Holloway have each failed to provide the court with their

current address pursuant to the directives of the orders entered in this case. Thus, the court concludes that these plaintiffs should be dismissed as parties in this case.

The court has reviewed the file to determine whether a less drastic measure than dismissal of plaintiffs Adam Amato, Shontonio Battle, Michael Crowe, Terrence Holloway, Robert P. Williams and Roscoe Holloway from this case is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of these plaintiffs as parties in this case is the proper course of action. Initially, the court notes that Adam Amato, Shontonio Battle, Michael Crowe, Terrence Holloway, Robert P. Williams and Roscoe Holloway are indigent individuals and the imposition of monetary or other punitive sanctions against them would be ineffectual. Moreover, these plaintiffs have failed to comply with the directives of the orders entered by this court regarding provision of a current address. It likewise appears that since these inmates are no longer confined in the Chambers County Detention Facility they are simply no longer interested in the prosecution of this case and any additional effort to secure their compliance would be unavailing and a waste of this court's scarce resources. Finally, the claims raised by Adam Amato, Shontonio Battle, Michael Crowe, Terrence Holloway, Robert P. Williams and Roscoe Holloway cannot properly proceed before this court when their whereabouts are unknown to the court.

Accordingly, the court concludes that the failure of the aforementioned plaintiffs to comply with the orders of this court warrant their dismissal as parties to this case. *Moon*

*v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims presented on behalf of Adam Amato, Shontonio Battle, Michael Crowe, Terrence Holloway, Robert P. Williams and Roscoe Holloway be dismissed without prejudice.

2. Adam Amato, Shontonio Battle, Michael Crowe, Terrence Holloway, Robert P. Williams and Roscoe Holloway be dismissed as parties in this case.

3. This case, with respect to the claims presented by Cornelia Briskey and Dylan Beck, be referred back to the undersigned for further appropriate proceedings.

On or before **July 22, 2019** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of July, 2019.

/s/  Charles S. Coody
UNITED STATES MAGISTRATE JUDGE