IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CORNELIA BRISKEY, et al.,[1] ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:19-CV-367-WHA |
| ) | |
| SHERIFF SID LOCKHART, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is currently pending before the court on the plaintiffs' claims challenging conditions and actions occurring at the Chambers County Detention Center — the facility in which they were confined at the time they filed the complaint. On May 29, 2019, the court entered an order of procedure, a copy of which the Clerk mailed to each of the plaintiffs at their current address of record — the Chambers County Detention Facility. This order directed each of the plaintiffs to "immediately inform the court and . . . counsel [for the defendants] of any change in his address. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action. The plaintiffs shall also diligently and properly prosecute this action or face the possibility it will be dismissed for failure to prosecute." Doc. 5 at 4, ¶7. The docket maintained in this case indicates that Dylan Beck received a copy of this order. However, the postal service returned as undeliverable an order entered

---

[1] The plaintiffs originally listed in the complaint were Roscoe Holloway, Adam Amato, Cornelia Briskey, Dylan Beck, Shontonio Battle, Terrence Holloway, Michael Crowe and Robert P. Williams. As of the present date, the court only has a correct address for Cornelia Briskey.

on July 29, 2019 (Doc. 14) because Beck no longer resided at the last address he provided to the court.

Based on the foregoing, it is clear that Beck has failed to comply with the requirement that he provide the court with a current address. Additionally, this case, with respect to the claims presented on behalf of Beck, cannot properly proceed before the court when the whereabouts of this plaintiff are unknown to the court. The court therefore entered an order requiring Beck to inform the court of his current address. Doc. 17. This order directed Beck to "show cause why this case [as to his claims] should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action." Doc. 17 at 2. The court "specifically cautioned [Beck] that if he fails to respond to this order the Magistrate Judge will recommend that [his claims] be dismissed due to his failure to keep the court apprised of his current address and because, in the absence of such, this case cannot proceed before this court in an appropriate manner." Doc. 17 at 2. As of the present date, Beck has failed to provide the court with his current address pursuant to the directives of the orders entered in this case. Thus, the court concludes that this plaintiff should be dismissed as a party in this case.

The court has reviewed the file to determine whether a less drastic measure than dismissal of Beck from this case is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this plaintiff as a party in this case is the proper course of action. Initially, the court notes that Beck is an indigent individual and the imposition of

monetary or other punitive sanctions against him would be ineffectual. Moreover, Beck has failed to comply with the directives of the orders entered by this court regarding provision of a current address. It likewise appears that since Beck is no longer confined in the Chambers County Detention Facility he is simply no longer interested in the prosecution of this case and any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources. Finally, the claims raised by Beck cannot properly proceed before this court when his whereabouts are unknown to the court.

Accordingly, the court concludes that the failure of Beck to comply with the orders of this court warrant his dismissal as a party to this case. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims presented on behalf of Dylan Beck be dismissed without prejudice.

2. Dylan Beck be dismissed as a party in this case.

3. This case, with respect to the claims presented by Cornelia Briskey, be referred back to the undersigned for further appropriate proceedings.

On or before **September 13, 2019** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 30th day of August, 2019.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE