IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CORNELIA BRISKEY,[1]  )  <br> ) <br> Plaintiffs,  ) <br> ) <br> v.  ) <br> ) <br> SHERIFF SID LOCKHART,  ) <br> ) <br> Defendant.  ) | CIVIL ACTION NO. 3:19-CV-367-WHA |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is currently pending before the court on claims challenging conditions and actions that occurred at the Chambers County Detention Center — the facility in which the plaintiffs were confined at the time they filed the complaint. On May 29, 2019, the court entered an order of procedure, a copy of which the Clerk mailed to each of the plaintiffs at their current address of record — the Chambers County Detention Facility. This order directed each of the plaintiffs to "immediately inform the court and . . . counsel [for the defendants] of any change in his address. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action. The plaintiffs shall also diligently and properly prosecute this action or face the possibility it will be dismissed for failure to prosecute." Doc. 5 at 4, ¶7. The docket maintained in this case indicates that Cornelia Briskey received

---

[1] The plaintiffs originally listed in the complaint were Roscoe Holloway, Adam Amato, Cornelia Briskey, Dylan Briskey, Shontonio Battle, Terrence Holloway, Michael Crowe and Robert P. Williams. All of the plaintiffs, with the exception Cornelia Briskey, have previously been dismissed as parties to this case due to their failure to provide the court with a correct address. Thus, this case is now before the court only on the claims presented by Cornelia Briskey.

a copy of this order.  However, the postal service returned as undeliverable orders entered on September 19, 2019 (Docs. 20 & 21) and September 24, 2019 (Doc. 23) because Briskey no longer resided at the last address he provided to the court.

Based on the foregoing, it is clear that Briskey has failed to comply with the requirements that he provide the court with a current address and properly prosecute this action.  Additionally, this case cannot properly proceed before the court when the whereabouts of Briskey, the sole plaintiff remaining in this case, are unknown to the court.  The court therefore entered an order requiring that on or before October 18, 2019 Briskey "show cause why this case should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action."  Doc. 24 at 2.  The court "specifically cautioned [Briskey] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed due to his failure to keep the court apprised of his current address and because, in the absence of such, this case cannot proceed before this court in an appropriate manner."  Doc. 24 at 2.  As of the present date, Briskey has failed to provide the court with his current address pursuant to the directives of the orders entered in this case.  Thus, the court concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal of this case is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).  After such review, the court finds that dismissal of this case is the proper course of action.  Initially, the court notes that Briskey is an indigent individual and the imposition of monetary or other punitive sanctions

against him would be ineffectual. Moreover, Briskey has failed to comply with the directives of the orders entered by this court regarding provision of a current address. It likewise appears that since Briskey is no longer confined in the Chambers County Detention Facility he is simply no longer interested in the prosecution of this case. Additionally, the undersigned finds that any further effort to secure Briskey's compliance with the orders entered in this case would be unavailing and a waste of this court's scarce resources. Finally, the claims raised by Briskey, the only claims now before the court, cannot properly proceed before this court when his whereabouts are unknown to the court.

Accordingly, the court concludes that the failure of Briskey to comply with the orders of this court warrant his dismissal as a party to this case. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **November 12, 2019** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's factual findings and legal conclusions set forth in the Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of those factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact [and legal conclusions] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 28th day of October, 2019.

    /s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE